29 F.3d 636
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
William LEDESMA-CASTILLO, Defendant-Appellant.
 No. 93-50139.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 11, 1994.*
Decided June 22, 1994.
 
 Before: WALLACE, Chief Judge, FARRIS and KLEINFELD, Circuit Judges.
 
 MEMORANDUM
 
 1
 Ledesma-Castillo appeals from his judgment of conviction following his sentence of 32 months' imprisonment as a result of his being present in the United States after prior deportations in violation of 8 U.S.C. Sec. 1326(a), (b)(2). The district court had jurisdiction pursuant to 18 U.S.C. Sec. 3231. We have jurisdiction over this timely appeal pursuant to 18 U.S.C. Sec. 3742. We affirm.
 
 
 2
 Upon his deportation, Ledesma-Castillo was given Immigration and Naturalization Service Form I-294 which erroneously stated that if he returned illegally he would be subject to a sentence of no more than two years' imprisonment, although the statutory maximum sentence had in fact been increased to 15 years' imprisonment. At sentencing, Ledesma-Castillo asked the district court to depart to a two year sentence based on the misrepresentations in Form I-294. The district court did not directly address this argument but imposed a 32 month sentence. Ledesma-Castillo argues that the district court violated Federal Rule of Criminal Procedure 32(c)(3)(D) by not stating its reasons for rejecting the departure request. Rule 32(c)(3)(D), however, requires a district court to make findings only if any "factual inaccuracy in the presentence investigation report or the summary of the report" is alleged. Ledesma-Castillo did not argue that there were any factual inaccuracies. Rather, he presented a legal argument for departure based on the contents of Form I-294. Rule 32(c)(3)(D) is inapplicable.
 
 
 3
 Ledesma-Castillo further argues that the district court should have departed. We have jurisdiction to review a sentencing court's refusal to depart only if the refusal rested on the court's conclusion that it possessed no discretion, and not on the belief that exercise of its discretion was unwarranted. United States v. Cantu, 12 F.3d 1506, 1510 (9th Cir.1993). The district court did not clarify its reasons for refusing to depart. Instead of remanding to the district court to clarify its reasons for refusing to depart, we address Ledesma-Castillo's arguments. See id. (treating refusal to depart as based on lack of discretion when record could conceivably support such an inference). Ledesma-Castillo's argues that the district court should have departed based on due process doctrines of estoppel and because the Guidelines allow departures based on sentencing entrapment. These arguments are clearly foreclosed by our decision in United States v. Ullyses-Salazar, No. 93-50144, slip op. 6543 (9th Cir. June 20, 1994).
 
 
 4
 AFFIRMED.
 
 
 5
 Note: This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4